**In the Matter of Turner RUSSELL, a Member of the Bar of the District of Columbia Court of Appeals.**

No. M–46–80.

District of Columbia Court of Appeals.

Submitted June 1, 1980.

Decided Dec. 16, 1980.

No appearance was entered on behalf of respondent Russell.

Fred Grabowsky, Bar Counsel, filed the Report and Recommendations of the Board on Professional Responsibility.

Before MACK, FERREN and PRYOR, Associate Judges.

PER CURIAM:

This disciplinary matter is before the court on a petition of the Board on Professional Responsibility (Board) recommending suspension of respondent from the practice

of law for six months. We accept the Board's findings of fact and adopt the recommended disposition.

I.

HEARING COMMITTEE

Bar Counsel filed a petition instituting formal disciplinary proceedings against respondent on August 7, 1979. The Hearing Committee conducted a hearing on October 30, 1979, and filed its Report with the Board on December 28, 1979.

The facts are as follows: Complainant, Mary T. Clark, sprained her ankle in a Hot Shoppe parking lot in October, 1974. She asked respondent, a coworker whom she saw daily, to help her recover damages for the injury. She heard nothing from respondent for over two years. During the course of the next year, complainant repeatedly inquired about the progress of her case. Respondent would answer that negotiations were on-going. Finally, complainant demanded the return of her file, which respondent still has not delivered to her. No fee was ever paid.

After formal proceedings were instituted, Bar Counsel sent respondent three letters and two subpoenas by regular and certified mail, none of which reached him. Either the address or his name, or both, were incorrect. Respondent learned that disciplinary proceedings were pending when he received a telephone call eight months after they began.

Bar Counsel alleged that respondent's conduct violated DR 7–101(A)(1), (2) and (3)[1] by failing to take any substantive action on behalf of his client, DR 9–102(B)(4)[2]

1. DR 7–101(A) provides: A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing Counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy

and consideration all persons involved in the legal process.

(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.

(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B).

2. "A lawyer shall ... (4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the pos-

by failing to deliver his client's file after repeated requests, and DR 1–102(A)(5)[3] by failing to respond to Bar Counsel's inquiries.

Respondent, appearing pro se, asserted in his defense that no attorney/client relationship was ever established—that he was helping complainant as a friend by making a few phone calls. He further asserted that the file he failed to return consisted solely of a loss of wages statement. To the last charge of failing to cooperate with Bar Counsel, respondent testified that he was unaware of the proceeding.

The Hearing Committee found violations of each of the above-stated Disciplinary Rules. It found that an attorney/client relationship had been established, stating that, "the Committee feels that an attorney/client relationship existed in this matter and that such is not dependent upon the existence of a written agreement or contract." Hearing Committee Report, at 4. The Committee also found that no matter how meager, complainant was entitled to the immediate return of her file upon request. Finally, the Hearing Committee determined there was a "technical" violation of DR 1–102(A)(5) by failing to respond to Bar Counsel's inquiries. It recommended a formal letter of reprimand. Bar Counsel filed an opposition motion recommending a sanction of suspension for a year and a day.

## II.

## THE BOARD

Respondent filed no brief in response to the Hearing Committee Report or Bar Counsel's motion, nor was oral argument heard.

The Board filed its Report and Recommendation on April 24, 1980. It concurred in the Hearing Committee's findings of fact and its conclusions with respect to DR 7‑101(A)(1), (2) and (3) and DR 9–102(B)(4). With respect to the issue of whether an attorney/client relationship had been estab-

lished the Board noted, "in fact he functioned as a lawyer for her to the extent of obtaining a 'nuisance value' settlement offer." Board Report and Recommendation at 2. The Board also concluded that respondent's total lack of cooperation amounted to more than a mere technical violation of DR 1‑102(A)(5). Respondent was cautioned at the hearing that he had an obligation to furnish changes of address to the Bar. However, the Hearing Committee Report sent to his home address furnished by him at the hearing was returned marked "moved—left no address." The Board concluded, "we believe that respondent's conduct merits a more serious response than a formal reprimand. Accordingly, the Board recommends that respondent be suspended from the practice of law for a period of six months." Report and Recommendations at 3.

Rule XI, § 7 of the Rules of this Court Governing the Bar of the District of Columbia permits respondent to file exceptions to the Report with the court within 20 days of the date of filing of the Report or to request an extension of time. Respondent has made no submission to the court.

## III.

## CONCLUSIONS

Rule XI, § 7(3) which sets forth the role of this court in dispensing disciplinary sanctions provides in pertinent part that the court "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted."

Within the limits of the mandate to achieve such consistency, each case must be decided on its particular facts. Despite the difficulty of making exact comparisons there is a recent example of a decision that includes similar elements of misconduct. The respondent in *In re Fogel*, D.C.App.,

---

session of the lawyer which the client is entitled to receive."

**3.** "A lawyer shall not . . . (5) Engage in conduct that is prejudicial to the administration of justice."

422 A.2d 966 (1980), was suspended for a year and a day for neglecting to file an appeal and then falsely representing to his client, the court, and the Hearing Committee the reasons for the neglect. The misconduct in the present case was similar in that both respondents failed to seek the lawful objectives of their clients. In addition, respondent here has evidenced a "total lack of cooperation" with Bar Counsel. Overall, however, Fogel's misrepresentations were more egregious than the present respondent's conduct; thus, the respective year-and-a-day and six month suspensions correctly reflect the seriousness of each case.

We conclude that the Board's recommendation is appropriate and consistent. Accordingly, we suspend the respondent from the practice of law for six months. The Clerk shall enter an appropriate order affecting the imposition of discipline.

*So Ordered.*