In the Matter of Michael S. **LIEBER** a Member of the Bar of the District of Columbia Court of Appeals.

No. M–67–81.

District of Columbia Court of Appeals.

Argued Oct. 28, 1981.
Decided Feb. 17, 1982.

---

Edwin Yourman, Deputy Bar Counsel, with whom Fred Grabowsky, Bar counsel, Washington, D. C., was on the brief, for petitioner.

Thomas W. Farquhar, Washington, D. C., for respondent.

Before NEBEKER, PRYOR and BELSON, Associate Judges.

NEBEKER, Associate Judge:

In this disciplinary proceeding, Michael S. Lieber, respondent, was charged with violations of several disciplinary rules. The Board on Professional Responsibility (Board) adopted the Hearing Committee's findings of fact, and concluded that Lieber violated DR 1–102(A)(5) and DR 6–101(A)(3).[1] Specifically, Lieber is charged with neglecting a legal matter entrusted to him, and with conduct prejudicial to the administration of justice. The Board recommends that Lieber be suspended for a period of six months. Lieber contends (1) that he cannot be held to have neglected a legal matter because there was no attorney-client relationship, and (2) that imposition of a six-month suspension from the practice of law is too severe a sanction in this case. He offers no objection to the charge that his conduct was prejudicial to the administration of justice. Having heard oral argument and reviewed the record in this case, we reject Lieber's contentions and adopt the recommendation of the Board. The facts in this case are not in dispute and are set forth below.

I

*Count I*

Prior to November 28, 1978, Lieber signed his name to a roster of volunteer attorneys willing to participate in the Superior Court's Inmate Civil Assistance Project (Project) which provides legal assistance to eligible inmates in pro se civil actions. On November 28, Judge Mencher of the Superior Court sent a letter to Lieber informing him that he had been assigned to represent Charles Lewis Smith, III, an inmate at Lorton Correctional Complex. Smith had filed a civil action against Delbert Jackson, Director, Department of Corrections, for injuries Smith sustained as a result of an assault by a fellow inmate. In his letter, Judge Mencher stated that Smith's complaint and summons had been delivered to the U.S. Marshals for service. Judge Mencher further stated: "[I]f there is no apparent reason why you should not represent Mr. Smith, it is expected that you will enter your appearance promptly." Judge Mencher also sent Lieber a copy of

---

1. DR 1–102(A)(5) states that a lawyer shall not "[e]ngage in conduct that is prejudicial to the administration of justice."

DR 6–101(A)(3) states that a lawyer shall not "neglect a legal matter entrusted to him."

the notice mailed to Smith advising him of his newly appointed counsel. Lieber failed to enter his appearance or to notify the Superior Court that he did not plan to represent Smith.

On December 1, 1978, a Deputy U.S. Marshal served Jackson with the summons and complaint, a notice of that service was sent to Lieber. Jackson filed a motion to dismiss the complaint accompanied with a memorandum of points and authorities. He served copies of both on Lieber. When there was no response to the motion, Judge Stewart dismissed Smith's complaint with prejudice, noting that Jackson's motion was unopposed. A copy of the court's order was sent to Lieber. At his hearing, Lieber testified that he received all the above mentioned documents from the court, and that each listed him as Smith's attorney.

Smith and his mother made several attempts to contact Lieber. Each succeeded on separate occasions and Lieber told both that he would visit Smith to discuss his case. At the time Smith was residing at the District of Columbia Jail. Neither Smith nor his mother were ever told that Lieber had not entered his appearance in the case or that he did not intend to represent Smith. On March 16, 1979, Smith filed a complaint with the Board on Professional Responsibility regarding Lieber's failure to provide proper representation. As a result, Bar Counsel sent a letter of inquiry to Lieber. In his April 9 response, Lieber stated: "Evidently I was appointed by Judge Mencher, *pro bono*, to represent Mr. Charles Smith, III in a pending civil matter. Due to a failure in communications I never entered an appearance in that matter but I am attempting to resolve the matter as soon as possible."

Because of Bar Counsel's inquiry, Smith, who was still in jail, again telephoned Lieber who stated that he would interview Smith at the jail. However, Lieber never met or spoke with Smith while he was incarcerated. Following his release from jail, Smith visited Lieber at his office. Lieber again failed to say that he did not intend to carry out his responsibilities as Smith's attorney; however, Lieber still made no effort to reopen Smith's case or otherwise to assist him.

*Count II*

On April 17, 1979, Judge Bacon of Superior Court adjudged Lieber in contempt of court for his courtroom behavior on March 21, and his delay of court proceedings on March 23. On April 20, Bar Counsel notified Lieber that his conduct had become subject to an inquiry under the rules of the District of Columbia Court of Appeals Governing the Bar of the District of Columbia. Lieber was informed that the reason for the inquiry was the conduct for which he was found in contempt of court, and that he was required to submit a statement within ten days regarding the allegations. Lieber failed to submit the statement. On May 11, Bar Counsel notified Lieber that his ten days had expired and that failure to respond may be grounds for disciplinary action. Lieber received both letters but took no action.

On August 10, Bar Counsel issued an informal admonition to Lieber on the basis that his failure to respond to Bar Counsel's inquiries constituted conduct prejudicial to the administration of justice. Because Lieber's appeal in the contempt proceeding was pending, Bar Counsel deferred investigation of the underlying conduct until a final determination had been made on appeal. In a letter dated August 14, Lieber requested a formal hearing on the informal admonition, and pursuant to D.C.App. R. XI, § 7(1), the informal admonition was vacated. At the hearing, Lieber attempted to justify his failure to respond on the basis that "[Bar Counsel] knows I can't discuss my matter if it's on appeal, it's on appeal pro se. What was I suppose to write to him? My case is on appeal, what response, you know. I'm a civil practitioner and I'm bogged down, I have enough problems doing the things that are important."

*Discipline*

The Board examined the transcript and the Hearing Committee's report and held that Lieber had "exhibited a callous, indeed insensitive, attitude towards both matters

under inquiry," and had "no understanding of his obligation to clients, the bench and the bar." Taking cognizance of the fact that Lieber had received an informal admonition on October 24, 1979, for failing to make a timely appearance in court, the Board recommends that Lieber be suspended from the practice of law for six (6) months.

## II

Lieber contends that he never established an attorney-client relationship with Smith. The existence of an attorney-client relationship is an issue to be resolved by the trier of fact and is predicated on the circumstances of each case. Lieber argues that the placing of his name on the roster of attorneys available for the Project, his assignment to a pending civil case through the Project, and his "casual contact" with Smith do not rise to conduct which implies an attorney-client relationship. Lieber attempts to buttress his argument by stressing that he "never accepted a fee, filed a praecipe or gave legal advice," and that he was never taken into Smith's confidence or received pleadings and medical records from Smith.

It is well established that neither a written agreement nor the payment of fees is necessary to create an attorney-client relationship. *See In re Russell*, D.C. App., 424 A.2d 1087 (1980); *In re Fogel*, D.C.App., 422 A.2d 966 (1980). Furthermore, it is not necessary for an attorney to take substantive action and give legal advice in order to establish such a relationship. *Russell, supra.* However, a client's perception of an attorney as his counsel is a consideration in determining whether a relationship exists, *Russell, supra*, and it is clear from the record that Smith considered Lieber to be his attorney. Most importantly, Lieber placed his name on the roster of attorneys available for the Project, and

Judge Mencher employed the court's inherent authority when he chose Lieber from that list and appointed him as Smith's attorney. *See Powell v. Alabama*, 287 U.S. 45, 73, 53 S.Ct. 55, 65, 77 L.Ed. 158 (1932); 7A C.J.S. *Attorney and Client* § 137 (1980). We hold that an attorney-client relationship with all attendant rights and duties existed between Lieber and Smith.[2]

Lieber does not oppose the charge that his failure to cooperate with Bar Counsel constituted conduct prejudicial to the administration of justice. For that reason, this court will not discuss the charge as there is ample evidence to support the Board's conclusion that Lieber's conduct violated DR 1–102(A)(5). *See Russell, supra; In re Burka*, D.C.App., 423 A.2d 181, 182 (1980).

Lieber also contends that the sanction recommended by the Board is unduly harsh. The Board recommended that Lieber be suspended from the practice of law for six months based on his "callous, indeed insensitive, attitude towards both matters under inquiry." D.C.App. R. XI, § 7(3), states that the court "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted." *Fogel, supra* at 969 (Supplemental Statement by Harris, J., with whom Nebeker, J., concurs); *In re Smith*, D.C.App., 403 A.2d 296, 303 (1979). We find neither inconsistent nor unwarranted aspects in the Board's recommendation.[3] *See Russell, supra.*

Accordingly, it is ORDERED and ADJUDGED that the recommendation of the Board be adopted.

2. Our holding in this case is limited to instances where appointed counsel previously placed his name on the court's list of available attorneys. We are not addressing the issue of whether the court has the authority to appoint counsel in civil cases generally.

3. Lieber's contention that his suspension should be made retroactive or imposed and then suspended because he has moved to Ohio and intends to remain there is not meritorious.