In the Matter of Albert M. WILLIAMS, Jr., A Member of the Bar of the District of Columbia Court of Appeals.

No. 86–20.

District of Columbia Court of Appeals.
Submitted March 24, 1986.
Decided April 11, 1986.[1]

Before NEBEKER, MACK and BELSON, Associate Judges.

PER CURIAM:

In this disciplinary proceeding, the Board on Professional Responsibility concluded that respondent Williams twice violated DR 6–101(A)(3) (neglect) and DR 9–103(B)(4) (failure to return client files), and once violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 1–102(A)(4) (dishonesty). The Board recommended a one-year suspension. Respon-

dent filed no exceptions. We adopt the recommendation of the Board.

I

Three separate matters were considered by the Hearing Committee during two days of hearings:

*Bar Docket No. 125–83*

Williams was retained by Atlas Robinson on July 27, 1983, to handle a problem she was having with a property settlement pursuant to a divorce. At the only meeting that Ms. Robinson had with Williams he collected a retainer of $300. Two other meetings were planned, but Williams cancelled both: one because he had a scheduling conflict, the other because he had car trouble. Ms. Robinson tried to contact Williams several times during the next couple of weeks, but was unsuccessful.

On August 19, 1983, Robinson sent Williams a registered letter discharging him, requesting a refund of the fee and the return of documents she had given him. Her documents were never returned because Williams lost them, but the fee was refunded before the first hearing.

The Hearing Committee found violations of DR 6–101(A)(3) (neglect), DR 7–101(a)(1) (failure to seek client's lawful objectives), DR 7–101(A)(2) (failure to carry out employment contract), and DR 9–103(B)(4) (failure to return client files). The Board concurred in the violations of Canons 6 and 9, but refused to find violations of Canon 7.

*Bar Docket No. 116–83*

Raymone Bain approached Williams in November, 1982 about defending her in a breach of contract suit. Williams prepared an answer to the complaint that had been filed against her. At his direction, Ms. Bain signed the answer pro se (despite the fact that Williams was her counsel) and used Williams' office address. In March, 1983 he represented her at a deposition in connection with the same matter. From that time on, Ms. Bain was unable to estab-

---

1. This case was originally issued as a Memorandum Opinion and Judgment. The Board on Professional Responsibility requested publication and the Division granted the request.

lish contact with him, nor did she receive any progress reports about the case. In September, 1983 she was called by the plaintiff's lawyer who told her that trial in her case was scheduled to commence in a few days. She was able to obtain a continuance by appearing pro se. Williams called her the next day and promised to return her documents, but never did.

The Hearing Committee and the Board both concluded that Williams had violated DR 6–101(A)(3) (neglect), DR 9–103(B)(4) (failure to return client documents), and DR 1–102(A)(5) (conduct prejudicial to the administration of justice).

*Bar Docket No. 137–83*

This complaint arose from Williams' lease of a townhouse. When he fell behind in his rent and was asked to move, he offered to find a new tenant for the landlady. He did so in March, 1983, but collected $800 from the new tenant that he did not forward to the landlady. However, at the second hearing, the landlady testified that sometime prior to the proceeding she had received a check in that amount from Williams' counsel. The Hearing Committee concluded that there was no violation of the code because this was private conduct, but the Board found a violation of DR 1–102(A)(4) (dishonesty).

## II

Williams appeared only at the first hearing, when the Committee considered the complaint filed by Ms. Robinson. At that time (November 28, 1984), he was no longer practicing law; he was employed by a financial planning company to coordinate seminars on financial planning. He explained that he had closed his private law practice because his work situation had become more than he "could handle in a professional manner," and that it would be best for his clients to phase out his practice.

He admitted that he had not properly represented Ms. Robinson and apologized profusely. He described those steps he had taken in attempting to handle the case.

He also explained that during the three weeks that he was retained by her he was overwhelmed by events. He was giving financial planning seminars because he was already in the process of closing his law office. He was also helping his parents who had been involved in an automobile accident that had resulted in his mother's hospitalization. He was very depressed during this period. He found it so difficult to function normally that he could not find Ms. Robinson's files to return them.

Van Braswell, an attorney, testified as a character witness. He stated that Williams was having severe financial problems. Williams' office telephone was cut off, and there was often a last-minute scramble to pay bills. Braswell testified, as he had at deposition, that Williams seemed incapacitated by his emotional and financial struggles.

The Board recommended a one-year suspension because "[w]hile it is true that Williams has no prior record of discipline, in a short span of time he seriously neglected the cases of two clients and engaged in personal conduct that reflects adversely on his fitness to practice." Our review of this recommendation is limited: we accept the findings of the Board if they are supported by substantial evidence and adopt the recommended sanction unless to do so would encourage inconsistent dispositions or be otherwise unwarranted. D.C.App.R. XI, § 7 (3). In a prior case this court approved a suspension of thirty days for an attorney whose dishonest conduct was the result of severe stress. *In re Kent,* 467 A.2d 982 (D.C.1983). We have previously ordered suspensions in neglect cases where there were also other violations. *See, e.g., In re Rosen,* 470 A.2d 292 (D.C.1983) (six months' suspension); *In re Alexander,* 466 A.2d 447 (D.C.1983) (three months' suspension), *cert. denied,* 466 U.S. 904, 104 S.Ct. 1680, 80 L.Ed.2d 154 (1984); *In re Lieber,* 442 A.2d 153 (D.C.1982) (six months' suspension). None of the neglect cases, however, involved a violation of DR 1–102(A)(4). Because there is an element of

dishonesty in the present case, a longer period of suspension is justified than that imposed in *Rosen, Alexander* and *Lieber*.

Accordingly, it is ORDERED by the court that respondent Albert M. Williams, Jr., be, and hereby is, suspended for one year from the practice of law. The suspension is effective thirty days from the date of this decision.