### In Re Richard C. DEERING, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 97–BG–552.

District of Columbia Court of Appeals.

Submitted June 25, 1998.

Decided Aug. 6, 1998.

Before RUIZ and REID, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

There are two disciplinary matters against Richard C. Deering, a reciprocal proceeding based on his disbarment by the U.S. Bankruptcy Court for the District of Columbia, and an original disciplinary proceeding for violations of three ethical rules in an unrelated matter. Respondent has already been disbarred by this court. *See In re Deering,* 692 A.2d 1378 (D.C.1997). Therefore, the Board on Professional Responsibility recommends that no additional sanction be imposed, but that findings of misconduct be adopted to preserve the record for future use in the event Deering petitions for reinstatement. Neither Bar Counsel nor Deering have filed exceptions to the Board's Report and Recommendation. We adopt the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2).

On June 17, 1996, Deering was disbarred in the U.S. Bankruptcy Court for the District of Columbia for receiving unauthorized post-petition payments in violation of 11 U.S.C. §§ 327, 329–30 (1994); failing to apply to be appointed as counsel for the debtor-in-possession as required by 11 U.S.C. §§ 327, 1107; and for giving fraudulent, unethical advice in violation of 11 U.S.C. §§ 549, 727(a)(2)(B). Deering also failed to comply with an order by the Bankruptcy Court to disgorge funds totaling at least $7,600.

Deering's disbarment by the Bankruptcy Court is now before this court for consideration as a reciprocal matter. The Board recommends that the court dismiss the reciprocal matter without prejudice to future consideration of the underlying facts and circumstances at such time as Deering petitions for reinstatement. We agree with the Board. We conclude that although disbarment would be the appropriate reciprocal sanction, as Deering is already disbarred, reciprocal matter No. 155–57 should be dismissed. *See In re Herndon,* 609 A.2d 682, 683 (D.C.1992) (holding that it was unnecessary for the court to order a sanction for an attorney's miscon-

duct because that attorney had previously been disbarred).

■ In an unrelated original disciplinary proceeding, Bar Counsel charged Deering with violations of the following ethical rules: Rule 8.4(d), interference with the administration of justice; Rule 8.4(c), dishonesty, deceit, fraud, and/or misrepresentation; and Rule 3.3(a), making false statements to a tribunal. These charges stemmed from Deering's acceptance of a case in Maryland where he was not licensed to practice. Deering filed documents with a Maryland court in which he signed the name of an attorney licensed in Maryland indicating that attorney had agreed to handle the case. That Maryland attorney denied any knowledge of the case. The Hearing Committee concluded that Deering had violated only Rule 8.4(d). The Committee found that Deering was grossly negligent, but not reckless, in ascertaining his authority to sign the Maryland attorney's name, which resulted in unnecessary hearings and a delay in trial.* Because there was no finding of reckless or deliberate misconduct, public censure would be appropriate discipline for interference in the administration of justice. *See In re Jones,* 521 A.2d 1119, 1123 (D.C.1986) (disciplining an attorney for conduct prejudicial to the administration of justice with a sanction of public censure); *see. also In re Solerwitz,* 575 A.2d 287, 292 (D.C.1990). Although we agree that Deering violated Rule 8.4(d) and that public censure would be appropriate here, we elect not to impose that sanction against Deering in No. 181–94 because he has already been disbarred. *See In re Herndon, supra,* 609 A.2d at 683.

In sum, we conclude that reciprocal discipline would be appropriate in response to the Bankruptcy Court's disbarment of Deering; however, we dismiss the case without prejudice until such time as Deering petitions for reinstatement. We further conclude that Deering violated Rule 8.4(d) in the Maryland matter, and that public censure would be appropriate discipline, but we impose no sanction in light of Deering's prior disbarment by this court.

*So ordered.*

---

* The Hearing Committee concluded that Deering could have "entertained a vague, but genuine, feeling of authority" to sign the Maryland attorney's name because the two had a longstanding friendship and a casual business relationship in which they had worked together on other cases in the past.