In re Toan Q. THAI, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 439343).

No. 08–BG–868.

District of Columbia Court of Appeals.

Argued Nov. 25, 2009.

Decided Dec. 24, 2009.

Toan Q. Thai, pro se.

Traci M. Tait, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, and Judith Hetherton, Senior Assistant Bar Counsel, were on the brief, for the Office of Bar Counsel.

Before GLICKMAN and THOMPSON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This disciplinary matter resulted from a complaint filed with the Office of District of Columbia Bar Counsel by an individual who sought the assistance of respondent to represent him at an immigration hearing.

There is no significant dispute about the facts surrounding respondent's actions leading up to this complaint. Thus, the Board on Professional Responsibility adopted the Hearing Committee's findings of fact, although it disagreed with the committee whether one of the violations was supported by the evidence. The Board recommends a suspension of sixty days with a conditional stay of a portion of the suspension as well as payment of restitution to the client. Relying on the same findings of facts, Bar Counsel concurred in the recommendation for suspension and restitution, but disagreed with the Board on the violations established by the evidence in this case. We conclude, in agreement with Bar Counsel, that the Hearing Committee had sufficient evidence to establish each of the violations that it found. We adopt the recommendation for a suspension with a partial stay on the conditions set forth below.

### Background

On December 13, 2006, Bar Counsel filed a specification of charges against respondent, a member of the D.C. Bar who has an immigration law practice mainly in Garden Grove, California. Bar Counsel alleged that respondent had violated the following District of Columbia Rules of Professional Conduct: Rule 1.1(a) (a lawyer must provide competent representation);[1] Rule 1.1(b) (a lawyer must serve a client with skill and care); Rule 1.3(a) (a lawyer must represent a client zealously and diligently within the bounds of the law); Rule 1.3(c) (a lawyer must act with reasonable promptness in representing a client); Rule 1.4(a) (a lawyer must keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.16(a)(2) (a lawyer must withdraw from representation if a lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client); and Rule 1.16(d) (a lawyer must surrender papers and property to which the client is entitled as soon as is reasonably practicable, and refund any advance payment or fee that has not been earned).

Respondent filed an answer to the charges on March 26, 2007, and an evidentiary hearing was held on May 22, 2007, at which respondent represented himself. The Hearing Committee then made findings that all of the alleged violations had been proved except the violation of Rule 1.16(a)(2). The Hearing Committee recommended a sixty-day stayed suspension with one year of unsupervised probation to include mandatory continuing legal education classes and payment of restitution in the amount of $4,500 plus interest at the legal rate to the complaining client. The Board accepted the Hearing Committee's findings, but disagreed that the evidence supported a violation of Rule 1.16(d) (a lawyer must surrender papers and property to which the client is entitled as soon as is reasonably practicable, and refund any advance payment or fee that has not been earned). However, the Board also recommended a more severe sanction that would stay only thirty days of the suspension pending satisfactory completion of the probation period and payment of restitution. Bar Counsel concurred with the Board's proposed sanction but disagreed with the Board on the Rule 1.16(d) issue. On De-

1. In circumstances where respondent was alleged to have failed to provide competent representation, Bar Counsel called an expert witness to render an opinion on the subject as part of the evidence presented to the Hearing Committee. At oral argument, and we reiter-ate now: it is essential that counsel offer proof of specific instances of deficiencies attributed to a respondent (i.e. lack of investigation, preparation, and consultation) which may be evaluated in light of the expert's testimony.

cember 9, 2008, this court accepted from respondent a document contesting the findings of fact in lieu of a brief in this matter. Respondent's contentions, while defensive in both nature and tone, were markedly unresponsive to the substance of the factual findings by the Hearing Committee.

## Discussion

The only issue on which the Board and Bar Counsel disagree is whether respondent failed to provide the file requested by his client in a timely manner resulting in a violation of Rule 1.16(d). The Hearing Committee concluded that respondent had violated the rule and Bar Counsel agreed. The Board, however, concluded that the delay in returning the client's file was not substantial enough to rise to the level of a violation of professional responsibility. We disagree.

The pertinent part of Rule 1.16(d) requires lawyers who are terminating their representation of a client to "take timely steps to the extent reasonably practicable to protect a client's interests" and includes "surrendering papers and property to which the client is entitled" among the lawyer's duties. The Board appears to draw a distinction between this rule's requirement to "take timely steps" and an earlier rule which required that the client receive materials "promptly." *See* DR–9–102 (B)(4). Regardless of whether this change actually alters the standard of conduct required by the rule, respondent's actions in this case were an obvious violation of both the letter and spirit of the rule.

■ In concluding otherwise, the Board relies upon the fact that it took only five days for the client to receive his file after requesting it. On its face, the comparatively short delay appears in stark contrast to some of our prior cases where sanctions

followed delays of months or years in responding to a client request. *See, e.g., In re Arneja,* 790 A.2d 552, 558 (D.C.2002) (imposing sanctions for attorney's year-and-a-half delay in delivering client's file. The sanction was a suspension from the practice of law for one year.); *In re Landesberg,* 518 A.2d 96, 97, 102 (D.C. 1986) (imposing suspension on attorney for holding client file for two years after conceding he had no right to retain it. The sanction was a suspension from the practice of law for 60 days and restitution.); *In re Russell,* 424 A.2d 1087, 1088 (D.C.1980) (imposing suspension of six months for delay of several years following client's request for file). In this case though, the five-day delay represented a significant proportion of the thirty days respondent's client had to appeal his deportation order.

■ The conclusion that the delay was insignificant also overlooks the fact that, during those five days, respondent repeatedly denied requests for the file and actively obstructed the efforts of his former client and the successor attorney to obtain the file. We have previously stated that "a client should not have to ask twice" for his file. *In re Landesberg,* 518 A.2d at 102. We have also said the client is owed an "immediate return" of his file "no matter how meager." *In re Russell,* 424 A.2d at 1088; *see also In re Hager,* 812 A.2d 904 (D.C.2002) (agreeing that Rule 1.16(d) "unambiguously requires an attorney to surrender a client's file upon termination of the representation" and quoting *In re Bernstein,* 707 A.2d 371, 375 (D.C.1998)). Under the circumstances here, it cannot be said that respondent took "timely steps" to do anything but further hinder his former client from securing alternative representation in this pressing matter.

Therefore we conclude that, in addition to the violations found by the Board, respondent violated his duty with respect to

the termination of his representation under Rule 1.16(d). Accordingly, it is hereby

■ ORDERED that respondent, Toan Q. Thai, shall be suspended from the practice of law for a period of sixty days with the suspension stayed after the first thirty days in favor of probation for one year provided that, within the first thirty days, he files an affidavit with the Board and Bar Counsel certifying that he accepts the conditions of probation; it is

FURTHER ORDERED that as a condition of respondent's probation he shall take six hours of continuing legal education courses in (1) legal ethics and (2) law office management as approved by Bar Counsel within the first six months of his probation; it is

FURTHER ORDERED that respondent pay his client, Nang Duc Vu, restitution in the amount of $4,500 plus interest at the usual legal rate for his failure to provide adequate representation in his client's immigration case. For purposes of restitution, interest shall be calculated from the date his client's deportation order was issued, February 24, 2003.

*So ordered.*