**In The Matter of George F. KNOX, Sr., A Member of the Bar of the District of Columbia Court of Appeals.**

**No. M–71('81).**

District of Columbia Court of Appeals.

Jan. 12, 1982.

---

No appearance was entered on behalf of respondent.

Fred Grabowsky, Bar Counsel, Washington, D. C., filed the Report and Recommendation of the Bd. on Professional Responsibility.

Before HARRIS and PRYOR, Associate Judges, and YEAGLEY, Associate Judge, Retired.

HARRIS, Associate Judge:

The Report and Recommendation of this court's Board on Professional Responsibility in a disciplinary matter involving George F. Knox, Sr., is before us for review. The Board recommends that respondent be suspended from the practice of law for six months. We accept the Board's findings of fact as being supported by substantial evidence of record, but conclude that its recommended disposition is unwarranted on the facts of this case. We conclude that a three-month suspension is the appropriate sanction.

I

The Specification of Charges attached to the Petition Instituting Formal Disciplinary Proceedings, dated January 17, 1980, charged respondent with violations of DR [Disciplinary Rule] 6–101(A)(3) and DR 7–101(A)(1), (2), and (3) in connection with his representation of Carolyn Minor over a period of nine years.[1] The Hearing Committee conducted a hearing on June 17, 1980, and filed its Report with the Board on August 13, 1980.

The facts may be summarized as follows: In November of 1970, respondent agreed to represent Minor in her effort to recover damages for an injury she sustained on October 13, 1970, at her place of work. Respondent and Minor discussed the possibility of pursuing both a claim through Workmen's Compensation and a personal injury lawsuit against one of Minor's fellow employees. Minor received a partial disability payment for approximately three and a half weeks after the accident, but respondent took no action to forward Minor's claim for Workmen's Compensation through the proper channels. Respondent also failed to take any action on the personal injury claim before the statute of limitations expired. Respondent maintained that he exercised his judgment not to follow through on the personal injury suit, but Minor testified that respondent never communicated his unilateral decision to her and, thus, she did not have notice that this claim was not being pursued. Respondent did not offer any evidence to refute her testimony. From the date of Minor's injury to the time she filed her complaint with the Office of Bar Counsel (a period of nine years), Minor had only two visits with respondent.[2] She never received any correspondence from respondent and her telephone calls to him were not returned.

---

1. DR 6–101(A)(3) provides that "A lawyer shall not [n]eglect a legal matter entrusted to him."
   DR 7–101 provides:
   (A) A lawyer shall not intentionally:
   (1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.
   (2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.
   (3) Prejudice or damage his client during the course of the professional relationship except as required under DR 7–102(B).

2. In her testimony before the Hearing Committee, Minor stated: "I had two visits. One visit I actually sat down and talked with him [respondent] . . . . It was quite a time in between there for that second visit because it was the second visit that he had a gentleman with him and he introduced him, I don't recall his name, and he gave me some papers to sign, but we never actually sat down and talked."

After hearing testimony from Minor and from respondent, the Hearing Committee concluded:

> The area of controversy is narrow. Mr. Knox states that he determined that a claim against the employer based on the liability of a fellow employee was unsupportable. Mrs. Minor believed the claim was being pursued. Mrs. Minor's testimony is unrefuted.

The Hearing Committee found that respondent had neglected the legal matter entrusted to him, thereby violating DR 6–101(A)(3), and that his client had been prejudiced by his neglect.[3] In recommending that respondent be suspended from the practice of law for six months, the Hearing Committee considered respondent's prior disciplinary record, which consisted of an informal admonition for violation of DR 6–101(A)(3) in a situation similar to the instant case.[4] It used as guidance disciplinary sanctions suggested by the Board in previous cases.

## II

In response to the Hearing Committee's Report, respondent filed a brief with the Board in which he characterized the recommended discipline as "harsh, unjust, arbitrary, and punitively excessive."[5] The Board filed its Report and Recommendation on March 18, 1981. It concurred in the Hearing Committee's findings of fact and its conclusion with respect to respondent's violation of DR 6–101(A)(3). The Board concluded:

> Respondent held himself out to Mrs. Minor as her attorney for nearly nine years. The Hearing Committee found that during this entire time Mrs. Minor believed that respondent was pursuing her claim. Mrs. Minor based this belief on representations made to her by respondent. Indeed it was respondent's position throughout these proceedings that he was actively pursuing Mrs. Minor's interests. The record tells a different story. As found by the Hearing Committee, respondent did nothing on the Workmen's Compensation after November, 1970, and allowed the statute of limitations to extinguish the tort claim. Respondent's abuse of his client's trust is incompatible with the standards which must be adhered to in the practice of law in the District of Columbia. We thus recommend that respondent be suspended from the practice of law for six months.

One member of the Board concurred in the Report of the Board but would have recommended a suspension of three months, reasoning that "although respondent's neglect cannot be condoned, his conduct is mitigated by the complainant's own failure to display any sense of urgency concerning her case as evidenced by her failure to bring respondent's inaction to the attention of the Board or to retain other counsel for a period of nearly nine years."

Rule XI, § 7, of the Rules of this Court Governing the Bar permitted respondent to file exceptions to the Report with the court within 20 days of the date of the filing of the Report. Respondent has not made any submission to the court.

## III

Under our standard of review as set forth in § 7(3) of Rule XI,

> the Court shall accept the findings of fact made by the Board unless they are unsup-

---

3. The Hearing Committee also concluded in its Report: "The Committee believes Mr. Knox's conduct clearly constituted neglect of the legal matter entrusted to him by Mrs. Minor and therefore, it is unnecessary to determine if the same conduct also violates DR 7–101(A)(1), (2), or (3)."

4. Respondent, however, characterizes his career as years during which he "has served the Courts, the Bar and the Public with an unblemished record."

5. Earlier, in submissions filed with the Hearing Committee after the proceedings had been held but before the Hearing Committee's Report was written, respondent admitted that his handling of the representation of Minor "certainly is indicative of a degree of negligence attributed to the reasons enunciated at the Hearing." Respondent also urged that formal or informal admonition would be appropriate.

ported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted.

The Rule thus affords the Board considerable discretion in disciplinary matters. "The rule requires that we enforce a general sense of equality in the sanctions handed out, but it otherwise commands that we should respect the Board's sense of equity in these matters unless that exercise of judgment proves to be unreasonable." *In re Haupt*, D.C.App., 422 A.2d 768, 771 (1980), quoting *In re Smith*, D.C.App., 403 A.2d 296, 303 (1979). While we strive to observe the Rule's mandate to achieve consistency in the disposition of disciplinary cases, each case must be decided on its own particular facts. *In re Russell*, D.C.App., 424 A.2d 1087, 1088 (1980). We recognize that instances of misconduct in disciplinary matters do not lend themselves to easy equations. Nevertheless, when we have imposed suspensions for attorneys found to have neglected a client's legal matters, the conduct complained of has been particularly aggravated or has been compounded by other violations. *See, e.g., id.* (respondent suspended for six months for serious neglect of client's cause, coupled with failure to cooperate with Bar Counsel); *In re Haupt, supra* (respondent suspended for three years for neglect of a legal matter, deceit, misrepresentations to client, and intentional failure to seek client's objectives); *In re Fogel*, D.C.App., 422 A.2d 966 (1980) (respondent suspended for a year and a day for neglecting client's appeal and making misrepresentations to both the client and to the court concerning the same); *In re Smith, supra* (respondent suspended for 18 months for neglecting two civil matters and for misrepresentation to client concerning case). *See also In re Dwyer*, Bar Dockets No. 374–78 and 356–78 (recommended three-month suspension adopted by an unpublished Memorandum Opinion and Judgment, No. M–61('80), June 9, 1981); *In re Schattman*, Bar Docket No. 135–79 (recommended three-month suspension adopted by an unpub-

lished Memorandum Opinion and Judgment, No. M–63 ('81), June 2, 1981).

We do not consider the neglect evidenced in respondent's case to be as pronounced as that which occurred in other cases in which a six-month suspension has been imposed. Therefore, we decline to adopt the Board's recommended disposition. We conclude that a three-month suspension is the proper sanction, with that suspension to become effective 30 days after the issuance of this opinion.

*So Ordered.*