**In re Dorothy W. JONES, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 87–1456.**

District of Columbia Court of Appeals.

Submitted May 26, 1988.
Decided June 22, 1988.

Before MACK, TERRY and STEADMAN, Associate Judges.

## ORDER

PER CURIAM.

In this disciplinary case, the Board on Professional Responsibility has found that respondent engaged in conduct constituting neglect of a legal matter (DR 6–101(A)(3)) and conduct prejudicial to administration of justice (DR 1–102(A)(5)). It recommends a sanction of suspension for a year and a day. The Report of the Board is annexed to this order. Respondent has not contested the findings or recommendation.

Respondent has been the subject of several previous disciplinary actions. She is now under a six-month suspension, which expires on July 1, 1988. *In re Jones*, 534 A.2d 336 (D.C.1987). Thus, the recommendation that the instant suspension run concurrently with the six-month suspension now in effect is largely moot. However, since respondent is already under suspension, there is no reason for the normal thirty-day delay to allow a respondent time to close out his or her affairs. *See In re Rosen*, 481 A.2d 451, 455 (D.C.1984).

It is therefore ORDERED that respondent, Dorothy W. Jones, is hereby suspended from the practice of law in the District of Columbia for a period of one year and a day. Her suspension shall take effect immediately and will run concurrently with the suspension now in effect.

## DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket No. 25–87

In the Matter of: Dorothy W. Jones, Respondent.

### REPORT AND RECOMMENDATION OF THE BOARD OF PROFESSIONAL RESPONSIBILITY

Respondent Dorothy W. Jones was charged in a petition alleging that she violated DR 6–101(A)(3), by neglecting a legal matter entrusted to her; DR 7–101(A)(1), by failing to seek the lawful objectives of her client through reasonably available means permitted by law; and DR 1–102(A)(5), by engaging in conduct prejudicial to the administration of justice.

The case was heard before Hearing Committee No. 2. Because Respondent failed to file an answer, Bar Counsel moved to proceed pursuant to Board Rule 7.5, which bars a respondent who has failed to answer from asserting a defense on the merits. In a pre-hearing conference, the Hearing Committee Chair adopted Bar Counsel's suggestion that Respondent be permitted to put on whatever case she had, leaving to post-hearing determination whether the Committee should receive the evidence.

At the hearing, Bar Counsel developed evidence described below, which Respon-

dent did not contest.[1] Based on uncontroverted evidence, the Hearing Committee found that Respondent had engaged in conduct constituting neglect (DR 6–101(A)(3)) and conduct prejudicial to the administration of justice (DR 1–102(A)(5)) and recommended that she be suspended for one year and a day. We adopt the Hearing Committee's findings, conclusions, and proposed sanction.

### FACTS

In June 1984, Respondent filed a civil action on behalf of Ms. Helen Scottland against Premium Distributors, Inc., and Edward T. Lyons arising out of an automobile accident that had occurred in July 1982. Premium Distributors, through counsel, filed an Answer to the Complaint, simultaneously serving a set of interrogatories by mail on Respondent. When these interrogatories were not answered, counsel for Premium Distributors moved to compel. That motion was granted, and Respondent's client was ordered to file answers to the interrogatories by October 26, 1984, and was further ordered to pay counsel for Defendant $250.00 as a sanction for failure to make discovery.

Respondent filed answers to the interrogatories on October 26, 1984, and amended interrogatory answers on December 1, 1984. Thereafter, Respondent took no further action to prosecute Ms. Scottland's case.

On March 27, 1987, counsel for Premium Distributors, Inc., moved to dismiss the suit for want of prosecution. Copies of this motion were mailed to Respondent at her then current address. Respondent did not oppose the motion, and on April 21, 1987, Judge Salzman granted the uncontested motion to dismiss. The court file indicates that a copy of Judge Salzman's

order was mailed to Respondent at her then current address.[2] As a result of this dismissal, Ms. Scottland's claim is barred by the applicable statute of limitations.

Ms. Scottland filed a complaint with the Office of Bar Counsel in January 1987. On February 18 and March 13, 1987, Bar Counsel sent letters to Respondent, advising her of the complaint and directing her to respond. At the time Bar Counsel's letters were sent to the Respondent, the Court had not yet dismissed Ms. Scottland's suit, and it was still possible for her to have preserved her client's cause of action had she taken any steps to do so. Respondent received those letters but did not answer either of them or take any action in her client's case.

### THE DISCIPLINARY VIOLATIONS

Bar Counsel proved by clear and convincing evidence that Respondent violated DR 6–101(A)(3) and 1–102(A)(5).[3]

Turning first to the neglect charge, the undisputed evidence shows that Respondent took no action to move Ms. Scottland's case forward from December 1, 1984, when she filed supplemental answers to interrogatories, to April 21, 1987, when the suit was actually dismissed. Although the basis for the dismissal is not stated in the Court's order, Defendant sought the dismissal under Superior Court Rule 41–I(b). This Rule makes a suit vulnerable to dismissal when the party seeking affirmative relief fails for six months to take action in prosecution of the claim.

Neglect involves indifference and a consistent failure to carry out the obligations that the lawyer has assumed to the client or a conscious disregard of the responsibility owed to the client. *In re Reback*, 487 A.2d 235, 238 (D.C.1985), adopted in rele-

---

1. After Bar Counsel presented his case, Respondent said, in response to the Hearing Committee Chair's question, "Everything that I've heard so far this morning is in fact so."

2. The court jacket reveals that on July 19, 1985, an earlier notice, warning of possible dismissal for failure to prosecute, was sent to Respondent and opposing counsel by the Clerk's Office. It does not appear that this warning was received

by either counsel. On September 19, 1985, an actual dismissal was entered, but neither counsel knew about that either.

3. In its post-hearing submission, Bar Counsel abandoned the charge that Respondent had violated DR 7–101(A)(1) by failing to seek the lawful objectives of her client, conceding an absence of clear and convincing evidence of intent.

vant part, 513 A.2d 226 (D.C.1986) (*en banc*). Although a finding of neglect requires more than a single act or omission, the requisite pattern of behavior is present here. Respondent failed to take affirmative steps to move the case forward and failed to oppose Defendant's motion to dismiss. *See, In re Banks*, 461 A.2d 1038 (D.C.1983). Moreover, whenever Ms. Scottland asked Respondent about the status of her case, Respondent told her only that it was "in court." Respondent apparently did not tell her that sanctions had been imposed against her for failure to provide discovery. Nor did she tell Ms. Scottland that her case had been dismissed; Ms. Scottland discovered that fact on her own by examining court files when she became dissatisfied with Respondent's answers. Finally, and more important, the neglect here continued even after Respondent had been informed that her client had formally complained to Bar Counsel about her handling of the case.

The uncontroverted evidence also demonstrates that Respondent failed to respond to legitimate written inquiries of Bar Counsel concerning the complaint that had been filed against her. Respondent acknowledged that she was aware of the charges but furnished no legitimate justification for this failure, though she was afforded the opportunity to do so. Such conduct constitutes action prejudicial to the administration of justice. *See, In re Whitlock*, 441 A.2d 989 (D.C.1982).

## SANCTION

Respondent has a lengthy record of prior Bar discipline. She received informal admonitions on two separate occasions—once in 1982 and once in 1983—one of which was for handling a legal matter without adequate preparation in violation of DR 6–101(A)(2). On September 4, 1986, the District of Columbia Court of Appeals publicly censured Respondent. *In re Dorothy Wilkerson Jones*, 521 A.2d 1119 (D.C.1986).

Among the violations found by the Court were neglect of a legal matter in violation of DR 6–101(A)(3) and conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5). Finally, on December 2, 1987, the Court adopted the Board's Report and Recommendation that Respondent be suspended from the practice of law for six months. *In re Dorothy Jones*, 534 A.2d 336 (D.C.App.1987). In that case, Respondent was found to have neglected a legal matter (DR 6–101(A)(3)) and failed to respond to legitimate written inquiries of Bar Counsel (DR 1–102(A)(5)).

Ordinarily "a first instance of neglect, of itself, normally warrants only a reprimand or censure," *In re Reback, supra*, at 232, n. 4; *In re Banks, supra*, at 1042. While this is not Respondent's first instance of neglect, and therefore reprimand or censure is not called for, the Hearing Committee recommended a far more substantial sanction which, at first blush, may seem severe in a neglect case. The Hearing Committee recommended that Respondent be suspended from the practice of law for one year and a day. It reached that conclusion because, in its view, the history of violations—including the record in this case—strongly suggest that Respondent should not be automatically readmitted to the Bar after suspension.

We agree with the Hearing Committee. In our Report and Recommendation, which was expressly incorporated in the decision of the Court of Appeals in Respondent's recent six months suspension, we stated that Respondent's "total unresponsiveness suggests, at the very least, a callous indifference of her ethical obligations to her clients, Bar Counsel, the Board, and the Court." There can be no doubt from the present record that Respondent cannot—for reasons that are not readily apparent—function as a competent practicing lawyer within the ethical restraints of the profession.[4]

---

**4.** Respondent's "explanation" to the Hearing Committee for her conduct speaks for itself and demonstrates why a suspension requiring a showing of fitness before Respondent resumes practice is called for:

THE CHAIRMAN: Mrs. Jones, do you want to say anything in response to what Mr. Frisch said or something entirely new with respect to possible sanctions or these other cases that have been referred to? You're not,

In the Report and Recommendation we issued in Respondent's case decided by the Court on December 2, 1987, we said:

Respondent has compiled a five year history with the disciplinary system. In the public censure case, Respondent engaged in neglect during the period 1981–1982. In the instant case Respondent's neglect began in 1982 and continued until March 1985, when the Court ordered her removal as guardian of an estate. Her failure to respond to the legitimate inquiries of Bar Counsel occurred in 1985 and 1986. In view of Respondent's conduct over a significant period of time—combined with her apparent failure to learn from past mistakes—a substantial period of suspension is warranted.

[Report and Recommendation, 7]. That Report and Recommendation issued on February 6, 1987, while Ms. Scottland's civil case was still alive and before Bar Counsel made his first inquiry in this case. Respondent still could have taken action to keep Ms. Scottland's case from being dismissed. Not only did that Report fail to impress upon Respondent the need to respond to Bar Counsel, neither it nor Bar Counsel's inquiries prompted Respondent to take steps to protect Ms. Scottland's case.

The Board has recommended suspension for a year and a day where numerous acts of neglect and failure to respond to Bar Counsel's legitimate written inquiries have been found. *In re Slabach*, Docket Nos. 139–85, *et al.* (BPR, March 13, 1987).[5] The

Court has also ordered suspension for a year and a day where a pattern of misconduct suggests the need to show fitness to practice prior to the resumption of practice. *In re Roundtree*, 467 A.2d 143 (D.C.1983). While the facts in *Roundtree* are somewhat different in that dishonesty was involved there, the cases are comparable with respect to the presence of an unmistakable pattern of behavior that calls for a demonstration of fitness to practice law prior to resumption of practice by the Respondent.

When the Hearing Committee issued its Report, the Court had not issued an opinion in Respondent's most recent case. Accordingly, the Hearing Committee followed the Court's admonition in *In re Thompson*, 492 A.2d 866 (D.C.App.1985), that when different cases against the same Respondent are at different steps of the disciplinary process, the Board must recommend the discipline that would be appropriate if all of the matters were before the Board simultaneously as well as the discipline it feels is appropriate on the basis of the individual case before it. Following the admonition, the Committee recommended a suspension of one year and a day for this case standing alone, and to be imposed concurrently with any suspension the Court might order in Respondent's then-pending case.

The Court has since decided Respondent's earlier case and imposed a six month suspension. Based on Respondent's history of prior misconduct, the fact that our earlier Report and Bar Counsel's letter did

---

of course, at liberty to relitigate these other cases, but if you have anything to say.

MRS. JONES: Sure, I understand that. I guess I want to say to Bar Counsel that clearly, you know, I have not been deliberately disrespectful. And in terms of not understanding why I did not respond, I have just been so scared that I would not. I could not. I couldn't respond. And it probably goes back to the matter involving the public censure when I was sure that I had done everything, and I think Bar Counsel alleged that I had been dishonest. I just could not act. I think after that time—and they have been most respectful to me, and I certainly appreciate that. But after that time, I have just not been able. I have not been—I've just been scared. I've not been able to respond. And I know that it's prejudicial to me. And in the matter that is now pending and that was

pending—the matter that is now pending before the Court, the explanations were perfectly logical. And I was not the Respondent, although I was representing the Respondent. And I just simply couldn't. And I've just—I've been trying to work through that. And I just wanted Bar Counsel to know that it was not any disrespect for them. And I do appreciate how considerate you have been. And that's not your problem. That's just my problem that I have to work through. And I realize that these matters are pending. I don't have anything else to say.

5. Mr. Slabach was disbarred on consent by the Court of Appeals in *In the Matter of Slabach*, No. 87–240, on March 26, 1987. Accordingly, there has been, and will be, no further action in Bar Docket Nos. 131–85, *et al.*

not propel Respondent into action in Ms. Scottland's case, and particularly in light of Respondent's admitted inability to conform her conduct to the requirements of the profession, we agree that Respondent should be required to prove fitness and competence before being permitted to resume practice. Accordingly, we recommend that Respondent be suspended for a period of one year and a day. We believe that the critical aspect of this recommended discipline is the obligation to apply for readmission regardless of the Court's decision on whether to allow the suspension herein to run, in whole or in part, concurrently with the six month suspension recently imposed by the Court on this Respondent.

BOARD OF PROFESSIONAL RESPONSIBILITY

By: /s/ Jeffrey Freund

JEFFREY FREUND

Date: December 28, 1987

All members of the Board concur in this Report and Recommendation except Mr. Carter and Mr. Donnenfeld, who did not participate.