In re William J. MULKEEN, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 93-BG-54.

District of Columbia Court of Appeals.

Submitted Feb. 1, 1994.

Decided Feb. 24, 1994.

March 3, 1994.

Before WAGNER and KING, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

On November 20, 1992, respondent was suspended for one year from the practice of law by the Supreme Court of New Jersey with reinstatement conditioned upon (1) completion of all ethics proceedings pending against him; (2) payment of administrative costs; and (3) completion of the "core course section of the Skills Training Course." In addition, the New Jersey rules require respondent to demonstrate fitness prior to reinstatement.[1] The matter is before us in a reciprocal disciplinary proceeding under D.C. Bar R. XI, § 11.[2]

The New Jersey suspension was based on violations, in three unrelated matters, of several Rules of Professional Conduct: Rule 1.3 (failure to seek lawful objectives of a client through reasonably available means), Rule 1.4 (failure to keep a client reasonably informed), and Rule 1.15 (failure to safeguard a client's funds).[3] Due to the New Jersey suspension, this court temporarily suspended respondent on February 22, 1993, and referred the matter to the Board on Professional Responsibility ("the Board") to determine whether reciprocal discipline should be imposed. The Board concluded the misconduct did not warrant substantially different discipline in this jurisdiction. The Board recommended, therefore, that respondent be suspended for one year with reinstatement conditioned on proof of fitness and completion of the legal training requirement[4] provided for in the New Jersey suspension order.[5] We adopt the Board's recommenda-

---

1. *See* New Jersey Supreme Court Rule 1:20-11(h).

2. Respondent was previously suspended by this court for a period of ninety days. *See In re Mulkeen,* 606 A.2d 136 (D.C.1992).

3. Our Rules of Professional Conduct parallel the New Jersey rules.

4. As noted, the specific legal training requirement imposed by New Jersey was that respondent complete the "core course section of the Skills Training Course."

5. The Office of Bar Counsel has informed the court that it supports the Board's recommendation. Respondent has not filed a response to the Board's recommendation.

tion and impose the reciprocal discipline suggested by the Board.

█ In a reciprocal discipline case, unless we determine "[t]he misconduct established warrants substantially different discipline in the District of Columbia," this court "shall impose the identical discipline." D.C.Bar R. XI, § 11(c)(4), (f). In comparing the sanction imposed by the foreign jurisdiction to what would be imposed in the District of Columbia for similar misconduct, this court must determine whether that discipline falls within the range of permissible sanctions in this jurisdiction. *See In re Garner*, 576 A.2d 1356, 1357 (D.C.1990).

Here, the misconduct committed by respondent—neglect and mishandling of a client's funds—generally subjects an attorney to a suspension in the range of one year. *See, e.g., In re Jones*, 544 A.2d 695 (D.C. 1988) (failure to seek client's lawful objectives, neglect, and engaging in conduct prejudicial to the administration of justice warranted suspension of a year and one day when attorney had record of Bar discipline); *In re Alexander*, 513 A.2d 781 (D.C.1986) (neglect and inadequate preparation of client's case warranted suspension of a year and one day with reinstatement conditioned on proof of rehabilitation); *In re Roundtree*, 467 A.2d 143 (D.C.1983) (neglect, dishonesty, and conduct prejudicial to the administration of justice warranted suspension of a year and one day). Moreover, imposition of the recommended sanction is not otherwise unwarranted in light of respondent's record of Bar discipline in this court. A year-long suspension with reinstatement conditioned upon a showing of fitness and fulfillment of the legal training reinstatement condition imposed by the Supreme Court of New Jersey, therefore, is within the permissible range of sanctions. *See* D.C. Bar R. XI, § 3(a)(2).

After the Board issued its recommendation, Bar Counsel informed this court by letter that respondent had not filed a D.C. Bar R. XI, § 14(f) affidavit of compliance. Since it appears that respondent has failed to carry out his responsibilities under that rule, we must impose the sanction prospectively from the date of this decision. *In re Mintz*, 626 A.2d 926, 928 (D.C.1993) (citation omitted).

Accordingly, it is ORDERED that respondent shall be, and hereby is, suspended from the practice of law in the District of Columbia for a period of one year from the date hereof and reinstatement is conditioned on proof that respondent is fit to practice law and has fulfilled the legal training reinstatement condition imposed by the Supreme Court of New Jersey.

*So ordered.*