**In re Charles E. SMITH, Respondent, a Member of the Bar of the District of Columbia Court of Appeals.**

**No. 94–BG–92.**

District of Columbia Court of Appeals.

Submitted Oct. 13, 1994.

Decided Oct. 31, 1994.

---

Before SCHWELB and KING, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This matter is before the court on the Report and Recommendation of the Board on Professional Responsibility ("the Board") that respondent, Charles E. Smith, be suspended from the practice of law in the District of Columbia for a period of thirty days, and be required to prove his fitness as a condition of reinstatement, based upon its finding that respondent violated the following disciplinary rules: DR 9–103(B)(4) of the Code of Professional Responsibility (requiring lawyer to promptly return client's property); Rule 8.4(d) of the District of Columbia Rules of Professional Conduct (serious interference with the administration of justice); and District of Columbia Bar Rule XI, § 2(b)(3) (failure to comply with an order of the Board). The latter two charges arose from respondent's failure to cooperate with the Board and Bar Counsel concerning the investigation of two charges involving ethical misconduct, one of which the Board believes raised the possibility that the respondent misappropriated client funds. Bar Counsel supports the Board's recommendation, and respondent has not filed any exceptions to it. See D.C. Bar R. XI, § 9(e) (1993). Applying the standard of review set forth in D.C. Bar R. XI, § 9(g), we adopt the Board's recommendation.

A thirty-day suspension is consistent with other dispositions of comparable conduct ordered by this court. Rule XI, § 9(g) (1993). See, e.g., In re Dietz, 633 A.2d 850 (D.C.1993) (thirty-day suspension warranted for neglect of case, failure to repay fee, and failure to comply with promise to finish work on case); In re Solomon, 599 A.2d 799 (D.C.1991) (thirty-day suspension imposed for attorney's failure to repay fee after assuring Bar Counsel he would do so); In re Waller, 524 A.2d 748 (D.C.1987) (failure to deliver client papers, charging clearly excessive fee, and failure to withdraw from employment after being discharged warranted thirty-day suspension). While we recognize that the imposition of a requirement to show fitness operates to increase the length of suspension, we agree with the Board that it is appropriate where, as in the instant case, the respondent evinces persistent disregard for the disciplinary process and continued refusal to cooperate with Bar Counsel and the Board, despite numerous opportunities to do so. See In re Lockie, 649 A.2d 546, 547 (D.C.1994) (requirement that attorney prove fitness to resume practice where he "has repeatedly evinced indifference (or worse) toward the disciplinary procedures by which the Bar regulates itself ... is entirely reasonable") (citing In re Siegel, 635 A.2d 345, 346 (D.C.1993)).

Accordingly, it is ORDERED that respondent shall be, and hereby is, suspended from the practice of law in the District of Columbia for a period of thirty days from the date hereof.

It is FURTHER ORDERED that as a condition of reinstatement that respondent shall be, and hereby is, required to prove fitness.

So ordered.