**In re Charles E. SMITH, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 94–BG–984.**

District of Columbia Court of Appeals.

Submitted Feb. 7, 1995.

Decided March 2, 1995.

Before KING and RUIZ, Associate Judges, and BELSON, Senior Judge.

KING, Associate Judge:

In this disciplinary case, the Board on Professional Responsibility ("the Board") found that respondent Charles E. Smith[1] engaged in: (1) illegal conduct involving moral turpitude that adversely reflects on his fitness to practice law; and (2) conduct involving dishonesty. The basis for these charges was the issuance of a worthless check in the amount of $10,000 on November 16, 1990, and the continual failure to honor

---

**1.** There is some confusion in the file presented by Bar Counsel due to the inclusion of bar registration statements from two lawyers named "Charles E. Smith." The action in this case is directed to the Charles E. Smith whose bar membership began in 1971 and bears Bar Number 028027.

it.[2] The Board also found that respondent engaged in (3) conduct that seriously interfered with the administration of justice and (4) failed to comply with an order of the Board issued pursuant to Rule XI.[3] Charges three and four arose out of respondent's persistent failure to cooperate with Bar Counsel and the Board in its investigation of the charges. The Board recommends that respondent, Charles E. Smith, be suspended from the practice of law in the District of Columbia for a period of one year, with reinstatement conditioned on proof of fitness to practice law. Bar Counsel supports the Board's recommendation and respondent has filed no exceptions to it. *See* D.C.Bar R. XI § 9(e) (1993). Applying the applicable standard of review, we adopt the Board's recommendation. *See* D.C.Bar R. XI § 9(e) (1993); *In re Cooper*, 591 A.2d 1292, 1294 (D.C.1991).

A one year suspension with reinstatement conditioned on proof of fitness to practice mirrors other dispositions of comparable conduct ordered by this court. Rule XI § 9(g) (1993); *see, e.g., In re Jones*, 544 A.2d 695, 695 (D.C.1988) (conduct prejudicial to administration of justice and record of prior bar discipline warrant one year suspension); *In re Hutchinson*, 534 A.2d 919, 920 (D.C.1987) (conduct prejudicial to the administration of justice warrants one year suspension); *In re Williams*, 511 A.2d 1045, 1046 (D.C.1986) (one year suspension warranted because of the element of dishonesty in respondent's conduct). Respondent has a record of multiple disciplinary actions recommended by the Board on Professional Responsibility, the most recent resulting in a thirty-day suspension, *In re Charles E. Smith*, 649 A.2d 299 (D.C.1994). It is also worth noting that the misconduct leading to this disciplinary action occurred one month after respondent's reinstatement following a seven-year disability suspension stemming from unethical behavior.

We agree with the Board that the recommended sanction is appropriate in light of respondent's disciplinary history, his persistent disregard of the disciplinary process, and his continued uncooperative attitude towards Bar Counsel and the Board. *See Jones, supra,* (respondent's prior disciplinary history justifies one year and a day suspension); *In re Siegel,* 635 A.2d 345, 346 (D.C. 1993) ("where [attorney] ... evinces indifference (or worse) toward the disciplinary procedures by which the Bar regulates itself, a requirement that [he] prove fitness to resume practice is entirely reasonable.").

Accordingly, effective thirty days from the date of this opinion, it is ORDERED that respondent shall be, and hereby is, suspended from the practice of law in this jurisdiction for a period of one year.

It is FURTHER ORDERED that as a condition of reinstatement, respondent shall be, and hereby is, required to prove fitness to practice law.

So ordered.

---

**2.** Violations of DR 1–102(A)(3) and DR 1–102(A)(4).

**3.** Rule 8.4(d); Rule XI § 2(b)(3) of the District of Columbia Rules of Professional Conduct.