**In re Edward Wesley WRIGHT, Respondent,**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–623.**

District of Columbia Court of Appeals.

Submitted Oct. 23, 1997.

Decided Nov. 13, 1997.

Edward Wesley Wright, respondent pro se.

Leonard H. Becker, Bar Counsel, and H. Clay Smith, III, Assistant Bar Counsel, entered appearances for petitioner, the Office of Bar Counsel.

Before TERRY and SCHWELB, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility has recommended that respondent Wright, a member of our bar, be suspended from the practice of law for thirty days, and that he be required to demonstrate his fitness to practice law and to make restitution of $2,000 to a former client, with interest, before being reinstated. The Board found that Mr. Wright had violated several of the Rules of Professional Conduct, following a hearing at which Mr. Wright failed to appear. A copy of the Board's report is appended to this opinion.

Mr. Wright has not challenged the Board's recommendation in any respect. He has not filed a brief or presented any argument before this court. From our own review of the record, we can find no reason to reject the Board's recommendation, especially when it is uncontested. *See In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995). We are satisfied that the Board's findings are supported by substantial evidence and that the proposed suspension, coupled with the requirements of restitution and a showing of fitness, is an appropriate sanction for Mr. Wright's misconduct. It is therefore

ORDERED that respondent, Edward Wesley Wright, is suspended from the practice of law in the District of Columbia for a period of thirty days, effective thirty days from the date of this opinion. It is

FURTHER ORDERED that before being reinstated to membership in the bar, respondent Wright shall demonstrate his fitness to practice law,[1] and that he shall make restitution in the amount of $2,000 to his former client, Derrick Anthony DePass, with interest from August 25, 1991, at an annual rate of six percent. We call respondent's attention to Rule XI, § 14(g), of this court's Rules Governing the Bar, which requires the filing of an affidavit containing certain information, and to Rule XI, § 16(c), which sets forth the consequences of a failure to file the affidavit within the time prescribed by Rule 14(g).

1. *See In re Roundtree,* 503 A.2d 1215, 1216–1218 (D.C.1985).

**APPENDIX**

DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD ON PROFESSIONAL RESPONSIBILITY

IN THE MATTER OF EDWARD W. WRIGHT, ESQUIRE,

RESPONDENT

Bar Docket No. 123-94
REPORT AND RECOMMENDATION

Hearing Committee Number Two concluded that Respondent violated District of Columbia Rules of Professional Conduct 1.3(a), 1.3(c), 1.4(a) and 1.5(b), arising from his conduct in representing a single client, and Rule 8.4(d) and District of Columbia Bar Rule XI, § 2(b)(3), arising from his failure to respond to inquiries of Bar Counsel and an order of the Board on Professional Responsibility. The Hearing Committee's conclusions were reached as the result of a hearing at which the Office of Bar Counsel presented witnesses and exhibits. Respondent did not appear at the hearing.

The Findings of Fact are adopted substantially in the form presented by the Hearing Committee.

FINDINGS OF FACT

Respondent, Edward Wesley Wright, is a member of the Bar of the District of Columbia, having been admitted on December 19, 1980.

On or about August 25, 1991, Derrick Anthony DePass retained Respondent to represent him in a civil action against the District of Columbia. Respondent did not provide Mr. DePass a written statement setting forth the basis or rate of his fee. Mr. DePass paid $2,000 to Respondent in legal fees in connection with the representation.

On September 3, 1991, Respondent filed a civil complaint on behalf of Mr. DePass in the United States District Court for the District of Columbia, styled *Derrick Anthony DePass v. United States,* C.A. No. 91–2231.

On May 18, 1992, defendants served interrogatories and requests for production of documents upon Respondent. Respondent did not object to the discovery requests or seek an extension of time to respond. Respondent transmitted the discovery requests and transmitted his responses to Mr. DePass, who prepared responses to each of the discovery requests and transmitted his responses to Respondent one week later. Respondent failed to file responses to the defendants' discovery requests.

Beginning in July 1992, Mr. DePass made numerous attempts to communicate with Respondent regarding the status of his case. The Hearing Committee found that, as of the hearing in July of 1996, Respondent had not communicated with Mr. DePass concerning the status of his case since May 1992.

On November 3, 1992, the defendant District of Columbia filed a motion to compel responses to interrogatories and requests for production of documents, and for sanctions. Respondent did not respond to the motion or seek an extension of time to file a response. On February 10, 1993, the defendant District of Columbia filed a motion for continuance of pretrial and trial and for an order to show cause. As grounds for the motion, defendant asserted, *inter alia*, that plaintiff had failed to respond to its discovery requests or to its motion to compel responses to its discovery requests.

On February 16, 1993, the Court issued an order requiring the plaintiff to appear before the Court on March 8, 1993, to show cause why the case should not be dismissed. Respondent did not appear at the show cause hearing or file a pleading on behalf of his client in response to the Court's order. The Court dismissed Mr. DePass's case with prejudice.

On March 14, 1994, Bar Counsel received Mr. DePass's complaint against Respondent. On March 15, 1994, the Office of Bar Counsel sent a letter and a copy of the complaint to Respondent at 1673 Columbia Road, N.W., Suite 702, Washington, D.C. 20009–3624, his address listed with the District of Columbia Bar. Bar Counsel requested a response to the complaint by March 25, 1994. No response was received, and the letter was not returned.

On April 12, 1994, Bar Counsel sent a second letter to Respondent at 1673 Columbia Road, NW, Suite 702, Washington, D.C. 20009–3624, requesting a response to the complaint by April 17, 1994. No response was received, and the letter was not returned.

The 1673 Columbia Road, N.W., Suite 702 address was the address that Respondent showed on the complaint that he filed on behalf of Mr. DePass. When Corporation Counsel moved to compel responses to the discovery requests, its filing was accompanied by a "Certificate of Good Faith Efforts to Resolve Discovery Disputes," in which an Assistant Corporation Counsel certified that he spoke with Respondent by telephone and communicated by letter with Respondent at the Columbia Road address. The court docket for the case gives no indication that mail sent to Respondent by the court was returned.

A process server made the following efforts to serve Bar Counsel's letters upon Respondent:

On May 13, 1994, at 7:10 a.m., the process server attempted to serve Respondent at his usual place of abode at 1673 Columbia Road, N.W., Suite 702, Washington, D.C. 20009–3624. On this occasion, no one came to the door.

On May 16, 1994, at 6:45 a.m., the process server attempted to serve Respondent at his usual place of abode. On this occasion, no one came to the door.

On May 18, 1994, at 8:20 p.m., the process server attempted to serve Respondent at his usual place of abode. On this occasion, he was unable to gain access to the building.

On May 23, 1994, at 6:30 a.m., the process server attempted to serve Respondent at his usual place of abode. On this occasion, he heard a television or radio playing within when he arrived. When he knocked on the door, the television or radio was turned off, and no one answered his repeated knocking on the door.

On May 23, 1994, at 6:05 p.m., the process server attempted to serve Respondent at his usual place of abode. On this occasion, once again, he heard a television or radio playing within, only to hear it turned off when he knocked on the apartment door.

On May 25, 1994, at 7:55 a.m., the process server attempted to serve Respondent at his usual place of abode. On this occasion, once again, he heard a television or radio playing within, only to hear it turned off when he knocked on the apartment door.

On May 31, 1994, at 1:15 p.m., the process server attempted to serve Respondent at his usual place of abode. On this occasion, no one came to the door.

On June 1, 1994, at 8:00 a.m., the process server attempted to serve Respondent at his usual place of abode. On this occasion, although he could hear movement within the apartment, no one came to the door. Accordingly, he left his card requesting that Respondent contact him to accept service.

On June 2, 1994, at 6:10 p.m., the process server attempted to serve Respondent at his usual place of abode. On this occasion, he could not gain entrance to the building.

On June 6, 1994, at 9:40 p.m., the process server attempted to serve Respondent. On this occasion, he could not gain entrance to the building.

On June 7, 1994, at 7:15 p.m., the process server attempted to serve Respondent at his usual place of abode. On this occasion, no one came to the door.

On June 13, 1994, the process server placed a copy of the complaint and Bar Counsel's March 15 and April 12, 1994, letters beneath the door at 1673 Columbia Road, N.W., Suite 702, Washington, D.C. 20009-3624, Respondent's usual place of abode. Respondent submitted no response to Bar Counsel's inquiries.

On July 5, 1994, Bar Counsel filed with the Board and served upon Respondent, via first-class mail, a motion of Bar Counsel for an order compelling a response to the ethical complaint. Respondent did not file a response to Bar Counsel's motion.

On August 9, 1994, the Board ordered Respondent to provide Bar Counsel a substantive response to the allegations set forth in the complaint by August 19, 1994. A copy of this order was served upon Respondent via first-class mail. Respondent did not comply with the Board's order. Pursuant to an order of the Court dated May 9, 1996, the petition also was served by certified mail, first-class mail, and by leaving a copy at the Columbia Road address.

It is clear to the Board that every reasonable effort has been made to notify Respondent of the disciplinary proceedings against him. Because the mail sent to him has not been returned from the last address he provided to the Bar and because the process server left the papers informing him of this proceeding at that address, Respondent's due process rights have been respected by proceeding to hearing without his participation. The accuracy of the Columbia Road address is corroborated by the fact that it was effective to reach Respondent at the time of the litigation in question.

### ANALYSIS OF VIOLATIONS

#### A. *Rule 1.5(b): Failure to Provide Writing Setting Forth Basis for Fee*

Rule 1.5 (b) states: "When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation."

Respondent had not regularly represented Mr. DePass, yet he never communicated the basis for his fee in writing. Respondent's conduct constitutes a violation of Rule 1.5(b). *See In re Williams*, Bar Docket No. 212-94 (BPR March 29, 1996).

#### B. *Rule 1.3(a): Failure to Represent Client With Diligence and Zeal*

Rule 1.3 (a) provides: "A lawyer shall represent a client zealously and diligently within the bounds of the law." *See In re Dietz*, 633 A.2d 850 (D.C.1993). Comment 1 to the Rule observes:

This duty requires the lawyer to pursue a matter on behalf of a client despite opposition, obstruction, or personal inconvenience to the lawyer, and to take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor. A lawyer should act with commitment and dedication to the interests of the client.

Comment 7 observes that "[n]eglect of client matters is a serious violation of the obligation of diligence." Neglect has been defined as indifference and a consistent failure to carry out the obligations that the lawyer has assumed to the client or a conscious disregard of the responsibilities owed to the client. *See In re Reback*, 487 A.2d 235, 238 (D.C.1985), *adopted in relevant part*, 513 A.2d 226 (D.C. 1986) (en banc).

Although a finding of neglect requires more than a single act or omission, the requisite pattern of negligent behavior is present here. *See In re Banks*, 461 A.2d 1038 (D.C. 1983). Respondent failed to respond to the discovery requests of his client's adversaries, their motion to compel, or to the court order to show cause why the case should not be dismissed. Respondent's lack of diligence and zeal in pursuing his client's case resulted in dismissal of the case. Consequently, Respondent's conduct constitutes a violation of Rule 1.3(a). *See In re Lyles*, 680 A.2d 408 (D.C.1996).

#### C. *Rule 1.3(c): Failure to Act with Reasonable Promptness*

Rule 1.3 (c) states: "A lawyer shall act with reasonable promptness in representing a client." Respondent failed to act at all at critical junctures of his client's case. He did not file responses on behalf of his client either to the District of Columbia's discovery requests, the motion to compel, or the Court's order to show cause why the case should not be dismissed. Consequently, Respondent's conduct constitutes a violation of Rule 1.3(c). *Cf. In re Stiller*, Bar Docket No. 430–88, *et al.* (BPR July 31, 1996); *In re Grimes*, Bar Docket No. 151–89, *et al.* (BPR May 29, 1996), *affirmed*, 687 A.2d 198.

#### D. *Rule 1.4(a): Failure to Communicate*

Rule 1.4 (a) provides: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Comment 1 to the Rule states that "[t]he client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so." Comment 2 further instructs that a "client is entitled to whatever information the client wishes about all aspects of the representation unless the client expressly consents not to have certain information passed on."

Respondent last spoke with his client regarding his case in May 1992. Thereafter, despite numerous telephone calls and a letter in October 1992 from Mr. DePass to Respondent regarding the status of his case, Respondent did not communicate the status of the case to his client. Respondent's conduct is in violation of Rule 1.4(a). *Cf. Stiller, supra; Grimes, supra.*

#### E. *Rule 8.4(d): Conduct that Seriously Interferes with the Administration of Justice*

Rule 8.4 (d) states: "It is professional misconduct for a lawyer to engage in conduct that seriously interferes with the administration of justice." Comment 2 provides that the "prohibition of conduct that 'seriously interferes with the administration of justice' includes conduct proscribed by the previous Code of Professional Responsibility under DR 1–102(A)(5) as 'prejudicial to the administration of justice.' The extensive case law on that standard is hereby incorporated into this Rule." The case law on conduct that interferes with or is prejudicial to the administration of justice makes clear that failure to respond to inquiries of Bar Counsel or the Board for Professional Responsibility is a violation.

"A Respondent has an affirmative duty to respond to the legitimate inquiries of Bar Counsel during the course of a disciplinary investigation." *In re Jones*, 534 A.2d 336, 340 (D.C.1987). The failure of an attorney to respond to Bar Counsel's inquiries concern-

ing a complaint filed against him has been held repeatedly to constitute conduct prejudicial to the administration of justice. *In re Smith,* 649 A.2d 299 (D.C.1994); *In re Lockie,* 649 A.2d 546 (D.C.1994); *In re Jones,* 544 A.2d 695 (D.C.1988); *In re Haupt,* 444 A.2d 317 (D.C.1982); *In re Whitlock,* 441 A.2d 989 (D.C.1982); *In re Lieber,* 442 A.2d 153 (D.C. 1982).

Bar Counsel afforded Respondent an opportunity to respond to the ethical charges against him and to cooperate with Bar Counsel. Despite these efforts, Respondent failed to respond to Bar Counsel's inquiries. Respondent's studied neglect of Bar Counsel's inquiries would have constituted conduct prejudicial to the administration of justice in violation of former DR 1–102(A)(5), and thus constitutes conduct that seriously interferes with the administration of justice in violation of Rule 8.4(d). *See In re Jones,* 544 A.2d at 697.

F. *Rule XI, § 2(b)(3)*

Rule XI provides that a violation of Section 2(b)(3) is a basis for discipline when an attorney fails to comply with an order of the Board issued pursuant to the Rule.[1] *In re Smith, supra; In re Lockie, supra.*

On August 9, 1994, the Board issued an order to Respondent, consistent with its powers and duties under Rule XI, § 4(e)(1) and (10),[2] and pursuant to Board Rule 2.10 directed him to "provide to Bar Counsel a substantive response to each allegation of misconduct alleged in the complaint [against him] with ten (10) days...." Respondent was served with a copy of the Board's order. However, Respondent has never responded to the Board's order.

1. Rule XI, § 2(b) states:

> (b) *Misconduct.* Acts or omissions by an attorney, individually or in concert with any other person or persons, which violate the attorney's oath of office or the rules or code of professional conduct currently in effect in the District of Columbia shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship. *Any of the following shall also be grounds for discipline:*
> (3) Failure to comply with any order of the Court or the Board.... [Emphasis added.]

SANCTION

The Court has instructed that, in determining the appropriate sanction, factors to be considered include: (1) the seriousness of the misconduct, (2) the presence of misrepresentation or dishonesty, (3) Respondent's attitude toward the underlying misconduct, (4) prior disciplinary violations, and (5) mitigating circumstances. *In re Peek,* 565 A.2d 627, 632 (D.C.1989) (citations omitted). The Court has also instructed us to consider whether counterpart provisions of the Rules of Professional Conduct were violated. *In re Knox,* 441 A.2d 265 (D.C.1982).

The Hearing Committee found no evidence of dishonesty. Because Bar Counsel presented no evidence of previous discipline, we assume that this is Respondent's first violation. Respondent's lack of participation in the hearing has denied us any evidence of mitigating circumstances.

Respondent's misconduct caused substantial harm to his client and hindered the disciplinary process. Respondent's abandonment of his client's case resulted in dismissal of the matter with prejudice. In addition, Respondent's failures to respond to the legitimate inquiries of Bar Counsel and to comply with an order of the Board are serious misconduct, reflecting a disregard for the disciplinary system. Such conduct impedes Bar Counsel's investigation and burdens the resources of the disciplinary system.

Respondent's failures to cooperate with Bar Counsel, to heed the Board's Order to respond to Bar Counsel's inquiry, or to appear at the disciplinary hearing also raise

2. Rule XI, § 4(e) states:

> *Powers and duties of the Board.* The Board shall have the power and duty:
> (1) To consider and investigate any alleged ground for discipline ... of any attorney called to its attention, or upon its own motion, and to take such action with respect thereto as shall be appropriate to effect the purposes of this rule.
>
>    *    \*    \*    \*    \*    \**
>
> (10) To adopt rules, procedures, and policies not inconsistent with this rule or any other rules of this Court.

concerns regarding his attitude towards both the underlying misconduct and his professional responsibilities. Indeed, Respondent's failure to respond led the Hearing Committee to conclude that he willfully evaded service. Respondent's failure to participate at any stage of the disciplinary process reflects an egregious disregard for his obligations within the disciplinary system. Respondent's lack of response to the disciplinary system is an aggravating factor for purposes of arriving at a sanction.

Sanctions for misconduct in cases involving neglect range from public censure to a suspension for two years. *In re Lyles,* 680 A.2d at 418; *In re Santana,* 583 A.2d 1011, 1015 (D.C.1990); *In re Dory,* 528 A.2d 1247, 1248 (D.C.1987) (30–day suspension although respondent had no prior disciplinary history). A suspension for a first offense that involves neglect of a single client is a substantial sanction. It may be warranted where a Respondent has engaged in companion violations, or has been unresponsive to the disciplinary system. *See In re Lewis,* 689 A.2d 561, 562 (D.C.1997) (30–day suspension and showing of fitness required where respondent abandoned his client, a defendant in a federal felony case); *In re Sumner,* 665 A.2d 986 (D.C.1995) (30–day suspension for neglect in seeking post-conviction relief and possible appeal); *In re Banks,* 577 A.2d 316 (D.C.1990) (30–day suspension for neglect of personal injury action, resulting in client's loss of cause of action). Here we find that Respondent's misconduct, although limited to a single matter, warrants a 30–day suspension because his misconduct resulted in dismissal with prejudice of his client's case. Moreover, Respondent's failure to cooperate has been complete. We have no basis for knowing that he is fit to practice law and will bring his conduct into line with that expected of members of the District of Columbia Bar.

A 30–day suspension, combined with the requirement that Respondent prove his fitness as a condition of reinstatement, is within the range of appropriate sanction for the neglect violations, coupled with violations of Rule 8.4(d) and Rule XI, § 2(b)(3). *See In re Steele,* 630 A.2d 196 (D.C.1993); *In re Smith, supra; In re Delaney,* Bar Docket No. 170–

95 (BPR July 23, 1996). In *Smith,* the Court stated:

> While we recognize that the imposition of a requirement to show fitness operates to increase the length of suspension, we agree with the Board that it is appropriate where ... the respondent evinces persistent disregard for the disciplinary process and continued refusal to cooperate with Bar Counsel and the Board despite numerous opportunities to do so.

649 A.2d at 300. As discussed above, Respondent's complete failure to participate creates serious doubts about his fitness to practice law.

### Restitution

Respondent was retained to pursue civil litigation on behalf of Mr. DePass. He was paid $2,000 to render this service. However, Respondent provided only minimal services in connection with the drafting of the complaint, and thereafter wholly abandoned his client. The record shows that the complaint was originally drafted by a large law firm that initially agreed to handle Mr. DePass's case. When Respondent took over the representation, he made some changes in the prayer for damages, but filed the complaint in substantially the form provided by the other firm.

As a condition of reinstatement, the Court may require an attorney to make restitution. D.C. Bar Rule XI, § 3(b). Restitution is designed to restore to the client any unearned benefit that he has conferred on the attorney. *In re Robertson,* 612 A.2d 1236, 1241 (D.C.1992).

In *In re Roundtree,* 467 A.2d 143, 148 (D.C.1983) (citations omitted), the Court held that when a client receives no benefit from money paid to an attorney whose errors and neglect have led to dismissal of the case, it is equitable to require the attorney to make restitution to the client. *See also In re Ryan,* 670 A.2d 375, 380 (D.C.1996) (restitution appropriate where there was a pattern of neglect, intentional refusals to return client files and property, intentional failures to seek client objectives, and manifest failure by respondent to appreciate her ethical responsibilities).

We agree with Bar Counsel that Mr. De-Pass received no benefit from the money he paid to Respondent to pursue his case. In fact, Respondent's neglect led to the dismissal of the case. Under these circumstances, we recommend restitution as an additional condition precedent to reinstatement with interest at the legal rate of 6 percent.

### CONCLUSION

The Board recommends that Respondent be found to have violated District of Columbia Rules of Professional Conduct 1.3(a), 1.3(c), 1.4(a), 1.5(b), 8.4(d) and District of Columbia Court of Appeals Rule XI, § 2(b)(3). It is our further recommendation that Respondent be suspended from the practice of law for 30 days, combined with the requirements that he demonstrate his fitness to practice law before reinstatement and that he make restitution to his client in the amount of $2,000 as a condition of reinstatement.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/ Patricia A. Brannan
Patricia A. Brannan, Vice–Chair

All members of the Board concur in this Report and Recommendation.

Before SCHWELB, RUIZ and REID, Associate Judges.