In re Virginia R. FLING, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 375547).

No. 12–BG–112.

District of Columbia Court of Appeals.

Decided May 31, 2012.

Before GLICKMAN and BLACKBURNE–RIGSBY, Associate Judges, and REID, Senior Judge.

PER CURIAM:

Before this division of the court is the report and recommendation of Hearing Committee Number Eleven (the "Hearing Committee") recommending approval of a petition for negotiated attorney discipline.[1] After receiving two separate complaints alleging mishandling of immigration matters by respondent, Bar Counsel opened two investigations, which were then consolidated into the present petition. According to the joint petition for negotiated discipline, respondent mishandled her representation of Leslie Slome when she incorrectly assured him that he could leave the country without prejudicing his pending permanent residency application. As a result, Slome lost his eligibility for permanent residency and was faced with a ten-year bar against his re-entering the country. When Slome retained new counsel, respondent failed to promptly forward his files to the new attorney. Respondent also mishandled her representation of Leo Rosenberg and his employee, Tamayo Na-

---

1. *See* D.C. Bar R. XI, § 12.1.

gano, when she incorrectly filed Nagano's application for a work visa extension, which was denied as a result. Respondent subsequently misinformed Rosenberg and Nagano regarding the extension, causing Nagano to be present in the country without authorization.[2]

In the joint petition, the parties agreed that respondent had committed numerous violations of the District of Columbia Rules of Professional Conduct.[3] Respondent mitigated her conduct by cooperating with Bar Counsel and agreeing to reimburse her clients' legal fees and unnecessary application fees. The negotiated sanction is a 120–day suspension, the last thirty days of which would be stayed in favor of one year of unsupervised probation; a continuing legal education requirement; and restitution (the return of fees). Should respondent violate any of the conditions of probation, she must serve the remaining thirty days of her suspension and demonstrate her fitness before she may be reinstated.

The Hearing Committee reviewed the suitability of the proposed negotiated discipline and found that the record supports the Rule violations and that respondent entered into the agreement voluntarily.

On consideration of the circumstances of the violations, and in light of respondent's cooperation with Bar Counsel and the absence of any prior discipline, the Hearing Committee further found that the negotiated discipline falls within the range of discipline for comparable violations.[4]

In accordance with our procedures in uncontested disciplinary cases,[5] we have reviewed the Hearing Committee's report and recommendation, and we agree with it. Accordingly, it is hereby

ORDERED that Virginia R. Fling, is suspended from the practice of law in the District of Columbia for a period of 120 days; however, the last thirty days of the suspension is stayed in favor of unsupervised probation for a period of one year. Additionally, respondent shall complete twelve hours of continuing legal education (CLE) in the area of immigration law that has been approved by Bar Counsel. Respondent shall also make restitution in the amount of $5480 to Rosenberg; $2500 to Nagano; and $1875 to Slome. The CLE and restitution requirements must be fulfilled prior to the end of the one-year probationary period. If respondent fails to comply with any of these conditions, her probation shall be revoked and she will be

---

2. In each case, new counsel was able to undo the harsh immigration consequences of respondent's actions, albeit at additional cost in both time and money.

3. Specifically, respondent violated Rule 1.1(a) (a lawyer must provide competent representation); Rule 1.1(b) (a lawyer must serve a client with skill and care); Rule 1.3(a) (a lawyer must represent a client zealously and diligently within the bounds of the law); Rule 1.3(c) (a lawyer must act with reasonable promptness in representing a client); Rule 1.4(a) (a lawyer must keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.4(b) (a lawyer must explain a matter to the extent necessary for the client to make an informed decision). In

filing the joint petition, Bar Counsel waived charges that respondent violated Rules 1.3(b)(2) (intentional prejudice and damage to a client) and 8.4(c) (dishonesty, fraud and deceit).

4. *See, e.g., In re Thai*, 987 A.2d 428, 428–31 (D.C.2009) (per curiam) (sixty-day suspension, legal education courses, and restitution for failing to turn over client files and provide competent representation); *In re Ryan*, 670 A.2d 375, 381 (D.C.2006) (four-month suspension, restitution, and a fitness requirement for neglecting clients, ignoring deadlines, refusing to return client files, and making misrepresentations to Bar Counsel).

5. D.C. Bar R. XI, § 12.1(d).

required to serve her remaining thirty-day suspension and to show fitness before she will be permitted to resume her practice as a member of the Bar.

*So ordered.*