*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-BG-661

IN RE ANTOINI M. JONES, RESPONDENT.

FILED 8/25/16
District of Columbia
Court of Appeals
Julio Castillo
Clerk of Court

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 428159)

On Report and Recommendation of the Board on Professional
Responsibility Hearing Committee Number Seven

Approving Petition for Negotiated Discipline
(BDN D311-10 & D103-11)

(Decided: August 25, 2016)

Before BECKWITH and MCLEESE, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.


In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Hearing Committee Number Seven ("the Committee") recommends approval of a revised petition for negotiated attorney discipline. The violations stem from respondent Antoini M. Jones's professional

misconduct arising from his representation of two clients in two separate civil actions.

Respondent acknowledged that he failed to (1) provide competent representation; (2) act with reasonable promptness; and (3) communicate with his clients, thereby violating Rules 1.1 (a) & (b), 1.3 (c), and 1.4 (a) of the District of Columbia Rules of Professional Conduct. The Committee considered the following circumstances in mitigation: (1) respondent cooperated with Bar Counsel; (2) respondent took full responsibility and demonstrated remorse for his actions; (3) respondent's family situation; and (4) one client's personal conduct affected respondent's ability to represent that client. The Committee also reviewed respondent's four previous informal admonitions, two of which involved misconduct sounding in neglect. As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a ninety-day suspension, stayed, and one year of probation during which respondent must (1) meet with and obtain an assessment from the District of Columbia Bar's Practice Management Advisory Service ("PMAS") and comply with and implement any PMAS recommendation, including the supervision of a practice monitor; (2) not be found to have engaged in any additional ethical misconduct; and (3) complete his financial obligations to one complainant. After reviewing the revised petition for

negotiated discipline, considering a supporting affidavit and an unsworn letter from one of the complainants, and conducting a limited hearing, the Committee concluded that the revised petition for negotiated discipline should be approved.

We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI, § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a ninety-day suspension from the practice of law, stayed, and one year of probation with the conditions set forth above is not unduly lenient considering the existence of mitigating factors and the discipline imposed by this court for similar actions.[1]

---

[1] *See In re Mance*, 869 A.2d 339, 341-43 (D.C. 2005) (per curiam) (imposing thirty-day suspension, with suspension conditionally stayed during one-year period of unsupervised probation with requirement that attorney attend six hours of continuing legal education courses in legal ethics and law-office management, as disciplinary sanction for attorney's neglect of client's criminal appeal, where attorney had two prior informal admonitions); *In re Douglass*, 859 A.2d 1069, 1072-87 (D.C. 2004) (per curiam) (suspending for ninety days attorney who had two prior informal admonitions and presented no significant mitigating factors, where attorney failed to prepare or pursue client's case and then attempted to prevent client from seeking refund of attorney's fees after attorney no longer represented that client); *In re Drew*, 693 A.2d 1127, 1127-28 (D.C. 1997) (per curiam) (imposing sixty-day suspension on attorney who had three prior informal admonitions in similar cases where attorney failed to note appeal for client following criminal conviction and failed to note appeal or file motion to modify a sentence for another client); *In re Knox*, 441 A.2d 265, 266-68 (D.C. 1982)

(continued…)

4

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Antoini M. Jones is hereby suspended from the practice of law in the District of Columbia for ninety days, stayed in favor of one year of probation during which respondent must (1) meet with and obtain an assessment from the District of Columbia Bar's PMAS and comply with and implement any PMAS recommendation, including the supervision of a practice monitor; (2) not be found to have engaged in any additional ethical misconduct; and (3) complete his financial obligations to one complainant.

*So ordered.*

---

(…continued)
(imposing ninety-day suspension after attorney failed to take any action before statute of limitations expired and did not communicate with client about decision not to pursue claim).